# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| BEVERLY ANN STUTTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 19-1213-JDT-jay |
| | ) | |
| WEST TENNESSEE HEALTHCARE, | ) | |
| INC. d/b/a JACKSON-MADISON | ) | |
| COUNTY GENERAL HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER MODIFYING REPORT AND RECOMMENDATION AND DISMISSING CASE WITHOUT PREJUDICE FOR LACK OF JURISDICTION

The *pro se* Plaintiff, Beverly Ann Stutts, a resident of Jackson, Tennessee, filed a civil complaint on September 19, 2019, against West Tennessee Healthcare, Inc. d/b/a Jackson-Madison County General Hospital (JMCGH). (ECF No. 1.) The complaint was filed on the form used for commencing a civil rights action under federal law. On October 11, 2019, U.S. Magistrate Judge Jon A. York granted Stutts's motion to proceed *in forma pauperis*, (ECF No. 8), and issued a Report and Recommendation (R&R) in which he screened the case pursuant to 28 U.S.C. § 1915(e)(2), construing Stutt's claims as arising under 42 U.S.C. § 1983 and recommending dismissal for failure to state a claim. (ECF No. 9.) The Magistrate also recommended that any claims arising under state law be dismissed without prejudice. (*Id.* at PageID 29.)

Stutts did not file an objection to the October 11th R&R; instead she filed an amended complaint on October 18, 2019, adding four individuals, health care providers at the JMCGH, as Defendants. (ECF No. 10.) The amended complaint again was filed on the form used for

commencing a federal civil rights action. Consequently, Magistrate Judge York issued a second R&R on December 3, 2019, screening the amended complaint and once more recommending dismissal of the federal claims for failure to state a claim under § 1983 and dismissal of any state-law claims without prejudice. (ECF No. 11.) Stutts filed a timely objection to the second R&R on December 10, 2019. (ECF No. 12.)

In her objection, Stutts states she is not alleging the Defendants violated her civil rights. Instead, from the beginning of this case her intention was to sue the Defendants for medical negligence with regard to the treatment she received at the JMCGH after her left hand was injured and her thumb severed in an accident with a table saw. Though Stutts attempted to retain counsel prior to filing this action, she was unsuccessful. Someone ("a Lady") then told her to file a case herself in this Court. (*Id.* at PageID 42.) When she came to the Clerk's Office, Stutts asserts she told them "what and whom [she] was suing and they gave me all the forms." (*Id.*) Stutts further states:

> I even questioned them and said it talks about civil rights and prisoners and I am neither of those and the clerk lady told me to not answer those they didn't pertain to me, so again they knew what and whom I was suing. Not one person said that I am at the wrong place or the wrong court house, not anything. This is not giving legal advise [sic]. I feel as though they knew I was and was protecting the Hospital.

(*Id.*)

Accepting Stutts's statement that the Clerk's Office gave her the form intended for civil rights cases, the Court is certain it was not a deliberate attempt to protect the JMGCH, as she suggests.[1] Furthermore, contrary to Stutts's contention, it actually would be giving legal advice

---

[1] There are several different civil complaint forms for use by *pro se* plaintiffs on the website of the Administrative Office of the U.S. Courts. *See* www.uscourts.gov/forms/civil-forms. However, the Clerk's Office keeps on hand only those most often requested. In this district, the complaint form most often requested is the § 1983 civil rights form.

for an employee of the Clerk's Office to tell a litigant that a particular claim should be filed in a different court.

In screening this matter, the Magistrate Judge did not look beyond the civil rights complaint form itself to sufficiently consider the nature of the actual claims asserted by Stutts. In both the original and amended complaints, her factual allegations mention only negligence. None of the allegations suggests that Stutts was contending her civil rights were violated.

Unfortunately, even if Magistrate Judge York had treated Stutts's claims solely as medical negligence claims arising under Tennessee state law, her case still is subject to dismissal, but for lack of subject matter jurisdiction rather than for failure to state a claim under § 1983.

"Federal courts are courts of limited jurisdiction. Unlike state trial courts, they do not have general jurisdiction to review questions of federal and state law, but only the authority to decide cases that the Constitution and Congress have empowered them to resolve." *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008); *see also Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (jurisdiction of the federal courts "is not to be expanded by judicial decree"). "[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009).

"A party seeking to invoke the jurisdiction of the federal courts . . . bears the burden of establishing that such jurisdiction exists." *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008) (per curiam). Rule 8(a)(1) of the Federal Rule of Civil Procedure requires that the complaint contain "a short and plain statement of the grounds for the court's jurisdiction . . . ." In addition, Rule 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

There are two kinds of federal jurisdiction. First, the federal district courts have jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Taking at face value Stutts's assertion that she is suing the Defendants only for medical negligence under Tennessee law, there is no federal question jurisdiction in this case.

Second, federal jurisdiction may be based on diversity of citizenship, meaning it applies to cases between "citizens of different states." 28 U.S.C. § 1332(a)(1). Diversity of citizenship is present where the plaintiff is a citizen of one state and all of the defendants are citizens of other states, plus the amount in controversy in the case is more than $75,000. *See Exact Software N. Am., Inc. v. DeMoisey*, 718 F.3d 535, 541 (6th Cir. 2013). However, Stutts has not alleged diversity of citizenship is present in this case and it does not appear that she can do so because she sues a Tennessee hospital and states that she is a resident of Tennessee.[2] Therefore, the Court does not have jurisdiction to hear Stutts's claims.

In conclusion, the Court finds that Stutts raises no federal claims in either the original complaint or the amended complaint, only claims under Tennessee state law. Consequently, her objection to the proposed dismissal of the amended complaint for failure to state a claim under 42 U.S.C. § 1983 has merit. Nevertheless, the case still must be dismissed because the Court lacks subject matter jurisdiction over Stutts's state-law claims. Therefore, the recommendation of

---

[2] Merely alleging that one currently resides in a particular state is not the same as alleging that one is a citizen of that state. Citizenship is based on domicile, which requires that a person "be physically present in the state *and* must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere." *Deasy v. Louisville & Jefferson Cnty. Metro. Sewer Dist.*, 47 F. App'x 726, 728 (6th Cir. 2002) (emphasis added). Nevertheless, Stutts has not alleged that her domicile is in a state other than Tennessee even though she currently resides here. Stutts also has not alleged the residency or domicile of the four individual Defendants, providing only their work addresses at the JMCGH. (ECF No. 10 at PageID 31-32.)

dismissal is MODIFIED for the reasons stated herein, and this case is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).[3]

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                                s/ **James D. Todd**
                                                JAMES D. TODD
                                                UNITED STATES DISTRICT JUDGE

---

[3] It is possible, though not certain, that Stutts might be able to re-file her case in state court on the basis of Tennessee Code Annotated § 28-1-115 ("Notwithstanding any applicable statute of limitation to the contrary, any party filing an action in a federal court that is subsequently dismissed for lack of jurisdiction shall have one (1) year from the date of such dismissal to timely file such action in an appropriate state court."). Only the state court, not this Court, will have the authority to determine whether such a re-filing is permissible.